# NO. 12-23-00124-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| **STEVEN LEON MAYBERRY,** **APPELLANT** | § | **APPEAL FROM THE 8TH** |
| **V.** | § | **JUDICIAL DISTRICT COURT** |
| **THE STATE OF TEXAS,** **APPELLEE** | § | **RAINS COUNTY, TEXAS** |

*MEMORANDUM OPINION*
*PER CURIAM*

Steven Leon Mayberry appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

At approximately midnight on March 8, 2022, a Rains County Sheriff's Department deputy stopped Appellant's vehicle for suspicious driving near several closed businesses. Appellant, the driver and sole occupant of the vehicle, appeared to have difficulty locating his identification. After a few minutes of searching, he exited the vehicle, and the deputy observed a glass pipe in plain view near the driver's seat. Appellant admitted the pipe was "a meth pipe," but denied having any other illegal substances in the car. After a search the deputy was unable to locate any other

illegal items inside the vehicle.  Nevertheless, the deputy arrested Appellant for possession of a controlled substance, namely the residue in the pipe.[1]

The deputy did not test the residue at the scene.  At the ensuing trial, he testified he relied solely on Appellant's representation that the pipe was "a meth pipe" to justify the arrest.  A Texas Department of Public Safety forensic scientist also testified that she was able to scrape 0.08 grams of a substance containing methamphetamine from inside the pipe.  Appellant did not object to this testimony or contest the forensic scientist's conclusion that the pipe contained methamphetamine.  At the conclusion of the trial, the jury found Appellant "guilty" of the offense.

Appellant hoped for community supervision, so he requested that the trial court assess his punishment.  At the punishment hearing, both the State and defense counsel requested that Appellant be placed on community supervision, even though this recommendation was not the result of a plea agreement.  The trial court ultimately sentenced Appellant to two years of confinement in a state jail facility, but suspended the sentence and placed him on community supervision for a period of five years.  As a condition of community supervision, the trial court ordered that Appellant attend and complete the Substance Abuse Felony Punishment Facility (SAFPF) program.  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*.  Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  He further relates that he is well-acquainted with the facts in this case.  In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2]  We likewise have reviewed the record for reversible error and found none.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2023).

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  Appellant was given time to file his own brief.  The time for filing such a brief has expired, and no pro se brief was filed.

## CONCLUSION

As required by **Stafford v. State**, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we grant Appellant's counsel's motion for leave to withdraw and affirm the trial court's judgment. As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered December 20, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 20, 2023**

**NO. 12-23-00124-CR**

**STEVEN LEON MAYBERRY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 6343)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*